McFarland, J.,
delivered the opinion of the Court.
This was an application to the Probate Court of Shelby county for the appointment of a trustee to execute a trust deed made by Sarah Chapman, conveying certain real estate to secure the payment of debts now due the petitioner. The application was made in accordance with the provisions of the Code, §3663. Upon the ground that the trustee named in the deed of trust has died since its execution, Sarah Chapmán filed a plea averring that at the date of the trust deed she was a minor, and was, therefore, not bound *47 by .its execution, and upon this ground resisted the appointment of another trustee. This was the only question made. The court declined to consider the question of infancy raised by the plea of Sarah Chapman, but proceeded to appoint another trustee and take bond and security from him for the execution of the trust, and from this action of the County Court Sarah Chapman has appealed. "We are of opinion that under this provision of the Code the County Court was vested with the power simply to appoint a trustee in the cases specified, and to take the necessary bonds and vest title, and with this its jurisdiction in the matter ends.
Of course it must appear to the court that a deed has been executed — is prima facie unsatisfied in whole or in part, and that the trustee appointed in the deed has died, or some of the causes exist for the appointment of a successor. For these purposes, and in order that they may have a voice in the selection of' the trustee to be appointed, it is requisite to give notice to the parties in interest, but it was never contemplated that in this proceeding the County Court should assume jurisdiction of all the matters of equity that might arise between the parties under the deed, and which might in the end entitle the maker of the deed to relief; such as fraud, and various other matters of equitable jurisdiction. Whatever right of defense Sarah Chapman may have against the claims of the petitioner under this deed, either upon the' ground of her infancy or any other ground, will remain as before this appointment by the Probate Court, and be *48 in no way affected thereby. This proceeding does not profess to foreclose or execute the deed of trust, but simply to appoint a trustee, and there the matter ends — rthe rights of the parties remain as before.
The action of the County Court will be affirmed.